UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ONONDAGA COUNTY LABORERS'
HEALTH AND WELFARE, PENSION,
ANNUITY AND TRAINING FUNDS, by
Janet M. Moro, as Fund Administrator; and
CONSTRUCTION AND GENERAL
LABORERS' LOCAL UNION NO. 633, by
Gabriel Rosetti, as Business Manager,

                                        Plaintiffs,

                                v.                                        5:07-CV-1083
                                                                   (FJS/DEP)

MAXIM CONSTRUCTION SERVICE
CORP.; BARBARA SLATE, individually
and as an Officer of Maxim Construction
Service Corp.; and JAMES MALVASI,
individually and as an Officer of Maxim
Construction Service Corp.,

                                        Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **BLITMAN & KING LLP**<br>Franklin Center, Suite 300<br>443 North Franklin Street<br>Syracuse, New York 13204-1415<br>Attorneys for Plaintiffs | JENNIFER A. CLARK, ESQ. |
| **MAXIM CONSTRUCTION SERVICE CORP.**<br>P. O. Box 6465<br>Syracuse, New York 13217 | NO APPEARANCE |
| **BARBARA SLATE**<br>North Syracuse, New York 13212 | NO APPEARANCE |
| **JAMES MALVASI**<br>Syracuse, New York 13215 | NO APPEARANCE |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs commenced this action on October 15, 2007. *See* Dkt. No. 1. On October 18, 2007, and October 20, 2007, Plaintiffs served copies of the summons and complaint on Defendants by personal service. *See* Affidavit of Jennifer A. Clark, sworn to January 31, 2008 ("Clark Aff."), at ¶ 5 & Exhibit "B" attached thereto. The time within which Defendants could answer or otherwise move as to the complaint expired on November 7, 2007, and November 9, 2007. *See id.* at ¶ 6. On November 14, 2007, the Clerk of the Court entered a Notice of Default against Defendants for failure to appear or otherwise move as to the complaint. *See id.* at ¶ 8 & Exhibit "C" attached thereto.

Defendants are party to collective bargaining agreements with Construction and General Laborers' Local Union 633 ("Union"), formerly known as Laborers International Union of North America, Local Union No. 433 ("Agreements"). Defendants are bound by Plaintiffs' Agreements and Declarations of Trust, required to pay stipulated amounts to Plaintiffs, and, in the event of a delinquency, to pay interest, liquidated damages, attorney's fees and costs. *See id.* at ¶ 10; Affidavit of Janet M. Moro, sworn to January 30, 2008 ("Moro Aff."), at Exhibit "G" attached thereto; Affidavit of Gabriel M. Rosetti, Jr., sworn to January 30, 2008 ("Rosetti Aff."), at ¶¶ 10-14.

Furthermore, Defendants Barbara Slate and James Malvasi were officers, directors and shareholders of Defendant Maxim Construction Service Corp. ("Maxim"), an employer of employees who were covered by employee benefit plans and a party in interest with respect to

Plaintiffs.  *See* Clark Aff. at ¶ 11 & Exhibit "A" attached thereto at ¶¶ 10-13.  Defendants Slate and Malvasi had managerial discretion and control over Defendant Maxim, made decisions on behalf of Defendant Maxim, and signed contracts governing Defendant Maxim.  *See id.* at ¶ 12 & Exhibit "A" attached thereto at ¶¶ 50-51.  In this capacity, Defendants Slate and Malvasi determined which bills Defendant Maxim would pay, determined which of Defendant Maxim's employees would be reported to Plaintiffs, determined the number of hours upon which contributions would be reported as owing to Plaintiffs, determined when Defendant Maxim would pay Plaintiffs, determined how much money Defendant Maxim would pay Plaintiffs, and exercised control over money due and owing to Plaintiffs, i.e., the Plan Assets, and, therefore, Defendants Slate and Malvasi were fiduciaries.  *See id.* at ¶ 13 & Exhibit "A" attached thereto at ¶¶ 50-51.  Moreover, Defendants Slate and Malvasi commingled Plaintiffs' assets with Defendant Maxim's general assets and used Plaintiffs' assets to pay other creditors of Defendant Maxim rather than forwarding the assets to Plaintiffs.  *See id.* at ¶ 14 & Exhibit "A" attached thereto at ¶ 52.  Finally, Defendants Slate and Malvasi transferred, applied, used or diverted or permitted the transfer, application, use or diversion of Plaintiffs' trust assets to purposes other than Plaintiffs' purposes without first making payment to Plaintiffs.  *See id.* at ¶ 15 & Exhibit "A" attached thereto at ¶¶ 53-57.

     Based upon Defendants' remittance reports, Defendants owed $86,660.04 in fringe benefit contributions to Plaintiff Onondaga County Laborers' Health and Welfare, Pension, Annuity and Training Funds ("Funds") and $11, 533.24 in deductions to Plaintiff Union for work performed under the collective bargaining agreement during the period September 2006 through August 2007.  *See* Moro Aff. at ¶¶ 15-16.  Defendants untimely remitted $98,183.29 in contributions and

deductions for this period in partial satisfaction of their obligations, but they have not paid the remaining contributions, interest, liquidated damages, attorney's fees and costs due in connection with the untimely payment. *See id.* at ¶ 17. Therefore, Defendants still owe $9.99 in contributions, $3,333.27 in interest, and $7,811.20 in liquidated damages to Plaintiff Funds and $444.24 in interest and $1,049.75 in liquidated damages to Plaintiff Union. *See id.* at ¶¶ 19-20; Affidavit of Linda L. DeMacy, sworn to January 31, 2008 ("DeMacy Aff."), at ¶ 8 & Exhibit "A" attached thereto.

Currently before the Court is Plaintiffs' motion for entry of a default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Defendants.

## II. DISCUSSION

### A.   Standard of review

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g).

Since Defendant is an employer obligated to make contributions to Plaintiffs under the Agreements and has not made those required payments, the Court will apply the provisions of

§ 1132(g)(2) to calculate Plaintiffs' damages.

B.    **Calculation of Plaintiffs' damages**

*1. Unpaid contributions*

Plaintiffs have submitted evidence to show that Defendants owe them **$9.99** in Funds contributions.  *See* Clark Aff. at ¶ 16; Moro Aff. at ¶ 19, DeMacy Aff. at ¶ 8 & Exhibit "A" attached thereto.  Accordingly, the Court awards Plaintiffs this amount as part of their judgment against Defendants.

*2. Interest on the unpaid contributions*

Pursuant to Plaintiff Funds' Trusts and Collections Policy, if Defendants fail timely to remit the monies due, they are liable for interest on the unpaid and untimely paid Central New York Laborers' Funds contributions calculated at a rate of one and one-half percent (1-1/2%) per month, interest on the unpaid and untimely paid LECET and H&S Fund contributions at the rate of one and one half percent (1-1/2%) per month, and interest on the unpaid and untimely paid Union deductions, PAC and IAP monies calculated at the rate of one and one-half percent (1-1/2%) per month.  *See* Moro Aff. at ¶ 13.[1]  Using these figures, Plaintiffs have submitted evidence to show that Defendants owe Plaintiff Funds **$3,333.27** in interest and owe Plaintiff Union **$444.24** in interest.  *See id.* at ¶¶ 19-20; DeMacy Aff. at Exhibit "A" attached thereto.  Accordingly, the Court awards Plaintiffs **$3,777.51** in interest as part of their judgment against

---

[1] "LECET" is the New York State Laborers' Employers Cooperation and Education Trust; "H&S" is the New York State Laborers' Health and Safety Fund; "PAC" is the New York State Laborers' Political Action Committee; and "IAP" is the Industry Advancement Program.

Defendants.

### 3. Liquidated damages

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions and dues or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions and dues. *See* 29 U.S.C. § 1132(g)(2)(C). In this case, Plaintiffs have submitted evidence to show that Defendants owe Plaintiff Funds **$7,811.20** in liquidated damages and owe Plaintiff Union **$1,049.75** in liquidated damages. *See* Moro Aff. at ¶¶ 19-20; DeMacy Aff. at Exhibit "A" attached thereto. Accordingly, the Court awards Plaintiffs **$8,860.95** in liquidated damages as part of their judgment against Defendants.

### 4. Attorney's and paralegal fees and costs

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation

omitted).

In this District, the prevailing rates are currently $210.00 per hour for the most experienced attorneys, $150.00 per hour for attorneys with four or more years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005).

Plaintiffs have calculated their attorney's fees using the following rates: $225.00 per hour for attorneys and $123.00 per hour for paralegals for the work they performed in 2007 and $235.00 per hour for attorneys and $128.00 per hour for paralegals for the work they performed in 2008. Since these hourly rates differ from the prevailing rates in this District, the Court will recalculate the attorney's fees using the hourly rates set forth in *Arbor Hill Concerned Citizens Neighborhood Ass'n*.

Three individuals worked on this case on Plaintiffs' behalf: (1) Jennifer A. Clark, Esq., an experienced attorney; (2) Linda L. DeMacy, a paralegal; and (3) Jessica L. Ratkowski, a paralegal. Applying the prevailing hourly rates to the time that each of these individuals expended on this matter results in the following calculations:

| Attorney/Paralegal | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Jennifer A. Clark | 5.10 | $210.00 | $1,071.00 |
| Linda L. DeMacy | 5.95 | $80.00 | $476.00 |
| Jessica L. Ratkowski | .25 | $80.00 | $20.00 |

Based upon these calculations, the Court awards Plaintiffs **$1,567.00** in attorney's and paralegal fees as part of their judgment against Defendants.

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, filing fees, postage and delivery costs, costs associated with service of the summons and complaint, facsimile charges, and computer research costs. In their submissions, Plaintiffs state that they have expended **$688.99** on such items. Accordingly, the Court awards Plaintiffs this amount as part of their judgment against Defendants.

### III. CONCLUSION

After reviewing Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendants is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendants in the amount of **$14,904.44**[2] plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: June 9, 2008
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] The total judgment of **$14,904.44** is calculated as follows:

| | |
|---|---|
| $    9.99 | unpaid and delinquent contributions to Welfare Fund |
| $ 3,777.51 | interest |
| $ 8,860.95 | liquidated damages |
| $ 1,567.00 | attorney's and paralegal fees |
| $   688.99 | litigation costs |